UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-23574-MGC

ESTHER VISIEDO-VILLAVERDE, Ed. D

    Plaintiff,
vs.

SHELTON ACADEMY, LLC

    Defendant.
_____/

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Shelton Academy, LLC ("Defendant" or "Shelton") by and through the undersigned counsel, hereby files its Amended Answer and Affirmative Defenses to the Complaint filed against it by Plaintiff Esther Visiedo-Villaverde ("Plaintiff")[1], and Defendant states as follow:

1. In response to the first unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint, under the heading "Complaint," Defendant acknowledges that Plaintiff seeks to sue it, but Defendant denies the allegations insofar as Plaintiff alleges or implies that she is entitled to any relief from Defendant, or that she has a valid claim against Defendant, and, accordingly, Defendant denies any such allegation stated or implied in the first unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint. In response to the second unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint, under the heading "Preliminary Statement," Defendant acknowledges that Plaintiff brings an action and purports to allege claims against

---

[1] Defendant is filing this Amended Answer and Affirmative Defenses in order to answer the allegations in Count Three of Plaintiff's Complaint, which had been the subject of a Motion to Dismiss.

Defendant under the Age Discrimination in Employment Act of 1967 ("ADEA"), the Florida Civil Rights Act of 1992 ("FCRA") and for retaliation, but Defendant denies the allegations insofar as Plaintiff alleges or implies that she is entitled to any relief from Defendant, or that she has a valid claim against Defendant, and, accordingly, Defendant denies any such allegation stated or implied in the second unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint, under the heading "Preliminary Statement." Defendant admits the allegations stated in Paragraph 1 of Plaintiff's Complaint.

2.      In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it was a privately owned and operated K-9 school that conducts business in this judicial district, but Defendant denies all other allegations in Paragraph 2 of Plaintiff's Complaint.

3.      In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff was employed as School Principal by Defendant, it denies that Plaintiff was terminated on July 3, 2015, and it lacks sufficient knowledge to admit or deny any other allegations stated or implied in Paragraph 3 of Plaintiff's Complaint.

4.      In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that Plaintiff was over forty (40) years old, but denies all other allegations stated or implied in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant states that it lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 5 of the Complaint, in part because the term "all relevant times" is nowhere defined, and so Defendant denies the allegations stated or implied in Paragraph 5 of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff seeks to allege the existence of jurisdiction over Plaintiff's ADEA claim, and Defendant does not dispute that this Court has jurisdiction over Plaintiff's ADEA claim.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff seeks to allege the existence of jurisdiction over Plaintiff's FCRA claim, and Defendant does not dispute that this Court has jurisdiction over Plaintiff's FCRA claim.

8. Defendant states that it lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 8 of the Complaint, in part because the term "all time relevant hereto" is nowhere defined, and so Defendant denies the allegations stated or implied in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations stated in Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of the Plaintiff's complaint, Defendant states that the cited portion of the ADEA speaks for itself.

11. Defendant states that it lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 11 of the Complaint, in part because the term "all times relevant hereto" is nowhere defined, and so Defendant denies the allegations stated or implied in Paragraph 11 of Plaintiff's Complaint.

12. Defendant states that it lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 12 of the Complaint, in part because the term "all times relevant hereto" is nowhere defined, and so Defendant denies the allegations stated or implied in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff seeks to allege proper venue, and Defendant does not dispute that venue is proper in this

United States District Court for the Southern District of Florida.  Defendant denies all other allegations stated or implied in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant states that it lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 14 of the Complaint, in part because the term "at all times relevant hereto" is nowhere defined, and so Defendant denies the allegations stated or implied in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff filed a Charge of Discrimination, alleging age discrimination and retaliation, which was dual filed.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant admits that by Notice dated May 27, 2016, the EEOC dismissed Plaintiff's Charge and notified her of her right to file a civil action, but Defendant lacks sufficient knowledge to admit or deny any other allegations stated or implied in Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff attempts to allege this lawsuit was timely filed, within ninety days of her receipt of the EEOC's right-to-sue notice, and Defendant does not dispute that the lawsuit was timely filed, within ninety days of her receipt of the EEOC's right-to-sue notice.

18. Defendant denies the allegations stated or implied in Paragraph 18 of Plaintiffs' Complaint.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant denies that it terminated Plaintiff on July 3, 2015, and it lacks sufficient knowledge to admit or deny any other allegations stated or implied in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Plaintiff's Complaint, Defendant admits that the Defendant was formed in 2011, that it is a K-9 school, and that it achieved accreditation, but Defendant denies all other allegations stated or implied in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations stated or implied in Paragraph 21 of the Plaintiff's Complaint.

22. In response to Paragraph 22 of the Plaintiff's Complaint, Defendant admits that its Board of Directors had authority and responsibility for hiring and firing the School Principal, but Defendant denies all other allegations stated or implied in Paragraph 22 of the Plaintiff's Complaint.

23. In response to Paragraph 23 of the Plaintiff's Complaint, Defendant admits that its Board of Directors had authority and responsibility for certain aspects of the administration, operation, funding, and decision-making at Defendant and that Plaintiff was required to report to the Board of Directors, but Defendant denies all other allegations stated or implied in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations stated or implied in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations stated or implied in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations stated or implied in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations stated or implied in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations stated or implied in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies the allegations stated or implied in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant denies the allegations stated or implied in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations stated or implied in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant denies the allegations stated or implied in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant states that it lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to her reasonable attorneys' fees and costs in this case.

35. In response to Paragraph 35 of Plaintiffs' Complaint, Defendant adopts and reavers its responses to Paragraphs 1 through 34 of Plaintiff's Complaint, as though fully set forth herein.

36. Defendant denies the allegations stated or implied in Paragraph 36 of the Plaintiff's Complaint.

37. Defendant denies the allegations stated or implied in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations stated or implied in Paragraph 38 of the Plaintiff's Complaint.

GORDON & REES SCULLY MANSUKHANI
100 S.E. Second Street ▪ Suite 3900 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209

39. Defendant denies the allegations stated or implied in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations stated or implied in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies the allegations stated or implied in Paragraph 41 of the Plaintiff's Complaint.

42. Defendant denies the allegations stated or implied in Paragraph 42 of the Plaintiff's Complaint.

43. Defendant denies the allegations stated or implied in Paragraph 43 of the Plaintiff's Complaint, including the subsections numbered (A) through (F) thereof.  Defendant also denies the allegations stated or implied in the unnumbered Paragraph under the heading "Prayer for Relief," which appears below Paragraph 43 of the Plaintiff's Complaint.

44. In response to Paragraph 44 of Plaintiffs' Complaint, Defendant adopts and reavers its responses to Paragraphs 1 through 34 of Plaintiff's Complaint, as though fully set forth herein.

45. Defendant denies the allegations stated or implied in Paragraph 45 of the Plaintiff's Complaint.

46. Defendant denies the allegations stated or implied in Paragraph 46 of the Plaintiff's Complaint.

47. Defendant denies the allegations stated or implied in Paragraph 47 of the Plaintiff's Complaint.

48. Defendant denies the allegations stated or implied in Paragraph 48 of the Plaintiff's Complaint.

49. Defendant denies the allegations stated or implied in Paragraph 49 of the Plaintiff's Complaint, including the subsections numbered (A) through (F) thereof.  Defendant also denies the allegations stated or implied in the unnumbered Paragraph under the heading "Prayer for Relief," which appears below Paragraph 49 of the Plaintiff's Complaint.

50. In response to Paragraph 50 of Plaintiffs' Complaint, Defendant adopts and reavers its responses to Paragraphs 1 through 34 of Plaintiff's Complaint, as though fully set forth herein.

51. Defendant denies the allegations stated or implied in Paragraph 51 of the Plaintiff's Complaint.

52. Defendant denies the allegations stated or implied in Paragraph 52 of the Plaintiff's Complaint.

53. Defendant denies the allegations stated or implied in Paragraph 53 of the Plaintiff's Complaint.

54. Defendant denies the allegations stated or implied in Paragraph 54 of the Plaintiff's Complaint.

55. Defendant denies the allegations stated or implied in Paragraph 55 of the Plaintiff's Complaint.

56. Defendant denies the allegations stated or implied in Paragraph 56 of the Plaintiff's Complaint, including the subsections numbered (A) through (F) thereof.  Defendant also denies the allegations stated or implied in the unnumbered Paragraph under the heading "Prayer for Relief," which appears below Paragraph 59 of the Plaintiff's Complaint.

57. Defendant also denies the allegations stated or implied in the unnumbered Paragraph under the heading "Prayer for Relief," which appears below Paragraph 56 of the Plaintiff's Complaint.

58. Defendant denies the allegations stated or implied in second unnumbered Paragraph under Paragraph 56 of Plaintiff's Complaint, which is under the heading "Attorneys' Fees."

59. In response to the third unnumbered Paragraph under Paragraph 56 of Plaintiffs' Complaint, which is under the heading "Demand for Trial by Jury," Defendant acknowledges that Plaintiff is attempting to assert a demand for trial by jury, but denies that any issue of fact or other question for a jury exists and further denies any allegations or implications that Plaintiff is entitled to any relief from Defendant or has any valid claim against Defendant.

60. Defendant denies all allegations, requests for relief, captions, headings, or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendant herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendant for reasons including the fact that no proper claim for retaliation is set forth, the fact that there is no allegation of protected activity supporting Count III, and the fact that many of the requested elements of damages are unavailable under relevant federal or state law.

2. Plaintiff's damages and any inability to obtain other employment is due to her own doing, and wrongful conduct, thus precluding recovery under the theories set forth in Plaintiff's Complaint.

3. Plaintiff's claims are barred because Defendant relied on legitimate non-discriminatory and non-retaliatory business reasons in all decisions relating to the terms and conditions of Plaintiff's employment.

4. The Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitations and/or administrative filing periods.

5. The Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

6. Plaintiff is barred from proceeding on any claim under the Florida Civil Rights Act of 1992 because of the determination of the Equal Employment Opportunity Commission.

7. To the extent Plaintiff makes any equitable claims, they are barred by the doctrine of laches, and because of Plaintiff's unclean hands.

8. To the extent Plaintiff seeks to recover benefits, including retirement benefits, her claim is preempted by the Employee Retirement Income Security Act of 1974.

9. Any recovery on Plaintiff's Complaint is barred in whole or in part by Plaintiff's failure to mitigate her damages. Consequently, any damages suffered by Plaintiff must be reduced in an amount by which Plaintiff and/or her agents could have mitigated those damages, if any.

10. Plaintiff was never terminated from her employment with Defendant, and her decision to resign was voluntary, thus, any damages suffered by Plaintiff must be reduced by the amount of compensation, including benefits, she would have received if she had stayed employed with Defendant.

11. Plaintiff has failed to allege a basis for punitive damages, and a claim for punitive damages is inappropriate, unavailable, and/or premature.

12. Plaintiff never engaged in any protected activity, barring any retaliation claim.

13. To the extent that Plaintiff engaged in protected activity, there was no adverse employment action to Plaintiff after that protected activity, since any adverse action preceded it.

14. After-acquired evidence bars and/or limits the amount of damages that Plaintiff can recover on her claims, if any.

15. Without admitting any discrimination or retaliation occurred, Defendant states that it would have made the same decisions regarding Plaintiff's employment absent any alleged discrimination or retaliation.

## **RESERVATION OF RIGHTS**

Defendant hereby give notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that costs and attorney fees be taxed against Plaintiff and in favor of Defendant, and that all other appropriate relief in favor of Defendant, and against Plaintiff, be granted.

Respectfully submitted this 4th day of January, 2017.

      *s/ Jose I. Leon*
Robin Taylor Symons, Esq.
Florida Bar No. 356832
rsymons@gordonrees.com
Jose I. Leon, Esq.
Florida Bar No. 0958212
jleon@gordonrees.com
GORDON & REES LLP
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone:  305-428-5300
Facsimile:   877-644-6209
***Counsel for Defendant Shelton Academy, LLC***

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2017, I filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will serve a true and correct copy by electronic notice on all counsel or parties of record listed on the Service List below.

                                                 *s/ Jose I. Leon*
                                                 Jose I. Leon, Esq.

**Service List**

Myron M. Samole, Esq.
Samole Law Firm, P.A.
9700 S. Dixie Highway, Suite 630
Miami, FL 33156
msamole@samolelaw.com
*Attorneys for Plaintiff*

1108676/31010430v.1

-12-
**GORDON & REES SCULLY MANSUKHANI**
100 S.E. Second Street ▪ Suite 3900 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209